**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NGHIA KHOI HOANG<br>(A-Number: 221-390-042),<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>        Respondents. | Case No. 1:26-cv-04023-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1)<br><br>**July 10, 2026, Deadline**<br><br><u>Clerk of the Court to Serve Order on Facility</u> |

Nghia Khoi Hoang, a federal immigration detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 26, 2026, while in custody of Immigration and Customs Enforcement at the California City Detention Facility. (Doc. 1.) That same day, Petitioner filed a motion for temporary restraining order. (Doc. 2.) The Court denied the TRO and directed the Respondents to file a response to the petition. (Doc. 7.) Respondents filed a response on June 22, 2026, and Petitioner filed a timely reply on June 29, 2026. (Docs. 9, 10.)

On June 30, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. (Doc. 11.) The Court notes that Petitioner has been detained since he entered the United States in January 2025, when he was placed into expedited removal. He has been denied asylum and has been granted withholding with an order of removal, both of which are

administratively final. (*Id.* at 7.) The magistrate judge determined that Petitioner has shown that there is no significant likelihood that he will be removed in the reasonably foreseeable future, because, among other things, Respondents have failed to name any third country willing to accept Petitioner and concede that Petitioner may be entitled to release. (*Id.* at 7-10.) Therefore, the magistrate judge recommended that the petition be granted, and Respondents be enjoined and restrained from removing Petitioner to any third country without meaningful notice and an opportunity to assert a fear-based claim. (*Id.* at 10-11.)

The Court served the findings and recommendations on the parties and notified them that any objections were to be filed within seven days of service. *Id.* at 11. Respondents filed objections on July 3, 2026, stating that they object for the same reasons found in their prior response. (Doc. 12.) Petitioner filed a response. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 11) issued on June 30, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents are **ORDERED** to release Petitioner (A-Number: 221-390-042) immediately under conditions prescribed pursuant to 8 U.S.C. § 1231(a)(3) and (7), as well as 8 C.F.R. § 241.5.

4. Respondents are **ENJOINED and RESTRAINED** from removing Petitioner to a third country unless Respondents:

   a. provide Petitioner and his counsel notice and a minimum of ten days to raise a fear-based claim for protection prior to removal; and

   b. if Petitioner asserts a fear-based claim for relief from removal, Respondents must provide Petitioner a meaningful opportunity to be heard before an immigration judge in compliance with due process.

5. The Clerk of the Court is **DIRECTED** to transmit this order to the California City

2

Detention Facility and to then enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    July 7, 2026

_____
UNITED STATES DISTRICT JUDGE

3